UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TARVIS WILSON,

    Plaintiff,

v.                                      Case No. 5:18-cv-267-TKW/MJF

HARRELL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's motion requesting a temporary restraining order ("TRO") and a preliminary injunction. (Doc. 41). Defendants responded in opposition to Plaintiff's motion. (Doc. 94). For the reasons set forth below, the undersigned recommends denying Plaintiff's motion for a TRO and preliminary injunction.[1]

### I. BACKGROUND

Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. § 1983. He alleges that on December 7, 2014, Defendants Harrell, Edenfields, Brown, and Edwards used excessive force while Plaintiff was housed at Apalachee

---

[1] This case was referred to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Correctional Institution. (Doc. 18 at 6). Even before Plaintiff filed his original complaint on December 5, 2018, the Florida Department of Corrections ("FDC") had transferred Plaintiff to the Santa Rosa Correctional Institution. (Doc. 1 at 1).

In the instant motion for a TRO and preliminary injunction, Plaintiff contends that on "February 14, 2020, [he] was maliciously battered by [unnamed] officers an[d] was transferred to FSP," the Florida State Prison. (Doc. 41 at 1). Plaintiff asserts that as a result of the February 14, 2020, beating, he wrote a grievance to Mark S. Inch, the Secretary of the FDC, regarding the purported beating. (*Id.*).

Plaintiff alleges that after he filed the grievance with Inch, unnamed correctional officers at the FSP threatened to kill Plaintiff for filing grievances and lawsuits. (Doc. 43 at 2). Plaintiff contends that on March 2, 3, 4, 5, and 13, 2020, he attempted to send legal mail via the prison mailroom, but Officer Cooper and Officer Collins—who are not Defendants in this action—"failed to properly process [Plaintiff's] out going legal mail in retaliation to attempt to prevent [Plaintiff] from challenging [Plaintiff's] criminal case." (*Id.* at 2).

Plaintiff seeks a TRO and a preliminary injunction that would require the FDC to:

1. transfer him to the "southern region";
2. compel "mailroom officials" "to do their duty in processing incoming and outgoing legal mail";

   3. order "security staff" not to "interfere with the [mail room] process";

   4. relocate "Plaintiff to a cell that has a camera in it"; and

   5. prohibit Officer Cooper and Officer Collins from escorting the mailroom officials to process legal mail.

(Doc. 43 at 5).

## II. Discussion

A temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). The chief function of TROs and preliminary injunctions "is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *see Granny Goose Foods Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989); *United States v. State of Ala.*, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). To establish entitlement to a TRO or preliminary injunction, a movant must demonstrate:

   (1) a substantial likelihood of success on the merits of the underly claim;

   (2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;

   (3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, ___ F.3d ___, 2020 WL 7579338, at *8 (11th Cir. 2020); *Swain v. Junior*, 958 F.3d 1081, 1088 (11th Cir. 2020); *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). Failure to establish even one of the first two factors is fatal to a motion for a preliminary injunction or a TRO. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam*)*; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537.

### A.   Plaintiff Failed to Demonstrate a Likelihood of Success on the Merits

Plaintiff failed to demonstrate a likelihood of success on the merits of his section 1983 action. Indeed, Plaintiff did not even discuss the merits of his underlying claim of excessive force. In the single paragraph that Plaintiff devotes to this factor, Plaintiff states:

> The Plaintiff has a great likelihood on the merits. What Defendants have done—"Intentionally Interfering with Access to the courts via retaliation for filing grievances and lawsuits." The protected actor trying to gain court access should include whatever actions a prisoner needs to take in order to get his claim into court. In Siggers-El v. Barlow, 412 F.3d 693 (6th Cir. 2005). Wherein, the Plaintiff needs are his legal documents to the court to get properly processed as outgoing legal mail that's why security staff isn't processing it properly pertaining to 1983s on FDOC an[d] its employees.

(Doc. 42 at 3-4).

The likelihood of success generally is the most important factor. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Courts have "described likelihood of success as the 'sine qua non' of preliminary injunctive relief." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If there is no substantial likelihood of success on the merits, no injunction may be issued." *In re Gateway Radiology Consultants, P.A.*, 2020 WL 7579338, at *8; *Bloedorn*, 631 F.3d at 1229 (stating that if the moving party "is unable to show a substantial likelihood of success on the merits, we need not consider the other requirements"); *Pittman v. Cole*, 267 F.3d 1269, 1292 (11th Cir. 2001) ("[O]ur cases have uniformly required a finding of substantial likelihood of success on the merits before injunctive relief may be provided."). Because Plaintiff failed to show—or even attempted to show—that he likely would prevail on his underlying claim, the District Court should deny Plaintiff's motion.

B. **Plaintiff Failed to Demonstrate a Likelihood of Irreparable Injury**

Plaintiff also has not demonstrated that there is a substantial likelihood that he would suffer irreparable injury. Since the FDC transferred Plaintiff to the FSP, Plaintiff repeatedly has filed documents with the clerk of the court. (Docs. 36, 40, 41, 42, 43, 47, 67, 68, 75, 80, 85, 90, 91, 95). More specifically, during the period when Officer Cooper and Officer Collins allegedly refused to process Plaintiff's

outgoing legal mail—March 2 to March 13, 2020—Plaintiff successfully filed one document with the clerk of the court. (Doc. 36) (stating that Plaintiff placed the document in the hands of an institutional officer for mailing on March 5, 2020). The record clearly indicates, therefore, that Plaintiff is able to file documents with this court and his legal mail is not being intercepted.

Furthermore, even if FDC officials were to disrupt some of Plaintiff's legal mail, Plaintiff can advise the clerk of the court of this fact and can request additional time to comply with any deadlines imposed by the court. Plaintiff has, at best, articulated a speculative fear of harm, not a likelihood of suffering irreparable injury. *See Siegel v. LePore*, 234 F.3d 1162, 1176-77 (11th Cir. 2000) (noting that "the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent'") (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors*, 896 F.2d at 1285); *Church*, 30 F.3d at 1337 (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury"). For this second independent reason, therefore, the District Court should deny Plaintiff's motion.

## C. The Court Lacks Jurisdiction Over Collins and Cooper

Finally, Plaintiff in part seeks to enjoin/restrain Officer Collins and Officer Cooper, neither of whom are defendants in this action. Plaintiff, therefore, seeks relief against nonparties over whom this court lacks jurisdiction. *See Infant Formula*

*Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that the district court lacked subject matter jurisdiction to issue a preliminary or permanent injunction against a nonparty); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996) ("Courts of equity have long observed the general rule that a court may not enter an injunction against a person who has not been made a party to the case before it."). For that reason too, Plaintiff's motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's motion for a TRO and a preliminary injunction (Doc. 41) be **DENIED**.

At Panama City, Florida, this 5th day of January, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**